**IMG-111**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2527
_____

CARLOS ORTIZ-GONZALEZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-006-772)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges.

(Filed:  April 21, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioner seeks review of the decision of the Board of Immigration Appeals

("BIA"), dismissing his appeal from the Immigration Judge's ("IJ") denial of his

application for relief.  The Government has filed a motion to dismiss the petition for lack

of jurisdiction. For the reasons that follow, we will dismiss in part and deny in part the petition for review.

Petitioner, Carlos Ortiz-Gonzalez, is a native and citizen of Mexico. He entered the United States without authorization in April 1995 and has resided here continuously since that time. He and his girlfriend have four children, all of whom are American citizens. Ortiz-Gonzalez was placed into removal proceedings in 2008. He conceded removability and requested relief in the form of cancellation of removal under 8 U.S.C. § 1229b(b)(1). Following a hearing at which Ortiz-Gonzalez testified, the IJ denied cancellation of removal and granted voluntary departure. The BIA agreed and dismissed the appeal. Through counsel, Ortiz-Gonzalez filed a petition for review. The Attorney General filed a motion to dismiss the petition for review for lack of jurisdiction.

The Attorney General argues, and Ortiz-Gonzalez concedes, that we lack jurisdiction over the IJ's discretionary decision to deny cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). This includes the IJ's determination that Ortiz-Gonzalez failed to demonstrate that "exceptional and extremely unusual hardship" would accrue to his U.S.-citizen children in the event of his removal. See id. However, we retain jurisdiction over constitutional claims or questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D). See Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

Ortiz-Gonzalez advances three claims on appeal. First, he maintains that the IJ erred in applying the hardship factors to the circumstances of his case by failing to

2

consider his U.S.-citizen children's lack of knowledge of another way of life. However, as the Attorney General notes, Ortiz-Gonzalez consistently indicated that his children would remain in the United States should he be removed. (A.R. 106-07; 154-55.) He also submitted an affidavit from Gloria Ortiz, the mother of his children, stating that she and the children would remain in the United States in the event he was removed. (A.R. 209.) Thus, the IJ acted properly in not considering this factor. See Pareja v. Attorney Gen., 615 F.3d 180, 189 (3d Cir. 2010). Next, he argues that the IJ failed to apply the factors set out in In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2002), such as the respondent's age, family ties, health, and the political and economic conditions in the country of return, nor did she consider how these factors might impact his children. See In re Recinas, 23 I. & N. Dec. 467, 471 (BIA 2002) ("In addition to the hardship of the United States citizen children, factors that relate only to the respondent may also be considered to the extent that they affect the potential level of hardship to her qualifying relatives."); Monreal-Aguinaga, 23 I. & N. Dec. at 63 (reciting factors). The IJ considered the potential of a lower standard of living for the U.S.-citizen children in this case, and found that it alone was insufficient to demonstrate exceptional and extremely unusual hardship. Ortiz-Gonzalez did not argue that any of the remaining factors were relevant to his situation. Finally, Ortiz-Gonzalez asserts in passing that the IJ failed to consider all of the hardship factors cumulatively. Not only does Ortiz-Gonzalez fail to support this assertion, but his "arguments amount to nothing more than 'quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency.'"

Cospito v. Attorney Gen., 539 F.3d 166, 170-71 (3d Cir. 2008) (quoting Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008)). Thus, we lack jurisdiction over this claim.

Next, Ortiz-Gonzalez maintains that the IJ denied him due process by failing to elicit testimony and documentation that would provide her with the basis to render a proper decision. Specifically, he criticizes the lack of a medical expert, psychological documentation, or information regarding the financial circumstances of the family. Ortiz-Gonzalez testified at the hearing and the record does not reflect that any limitation was placed on the type of evidence he could have introduced. As the Attorney General points out, it is Ortiz-Gonzalez's burden to prove that he is eligible for cancellation of removal. See Pareja, 615 F.3d at 185. To the extent Ortiz-Gonzalez argues that the IJ failed to properly weigh the factors in violation of his right to due process, he is simply restating the issues raised unsuccessfully in connection with his first claim.

Finally, Ortiz-Gonzalez argues that the BIA's opinion amounted to no more than an Affirmance Without Opinion. We agree with the Attorney General that the BIA's decision comported with the requirements of 8 C.F.R. § 1003.1(e)(5).

Based on the foregoing, we will dismiss the petition for review to the extent it challenges the discretionary determination of the IJ, and deny it to the extent it can be read to raise any questions of law. Accordingly, the Government's motion to dismiss is granted in part and denied in part.

4